Dennis L. BROOKS, Plaintiff—
Appellant,

v.

William O. FOSTER; Bessemer Trust
Co, Defendants—Appellees.

No. 04–35172.

D.C. No. CV–02–00450–LMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided July 29, 2005.

Leonard Steiner, Esq., Steiner & Libo, Beverly Hills, CA, for Plaintiff–Appellant.

Sheila R. Schwager, Esq., Hawley, Troxell, Ennis & Hawley, Boise, ID, for Defendant–Appellee.

Before PREGERSON, GRABER, and GOULD, Circuit Judges.

MEMORANDUM [*]

In this diversity case, Plaintiff–Appellant Dennis L. Brooks sued Defendants–Appellees William O. Foster and Bessemer Trust Co. (Bessemer) to void the sale of a parcel of Idaho real property from Foster to Bessemer, in its capacity as trustee of the William O. Foster Credit Shelter Trust, pursuant to Idaho Code section 55–913. Foster defaulted and Bessemer filed a motion for summary judgment claiming that it acted in good faith and paid reasonably equivalent value, within the meaning of Idaho Code section 55–917(1). The dis-

---

trict court granted summary judgment in favor of Bessemer and dismissed with prejudice the action against Foster on the ground that entering a default judgment against Foster would prejudice Bessemer. Brooks appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

After careful review of the record as a whole, we conclude that there are genuine issues of material fact relating to good faith, an essential element of the affirmative defense asserted by Bessemer under section 55–917(1). *See* FED. R. CIV. P. 56(c); Idaho Code § 55–917(1).[1] We accordingly reverse the district court and remand for further proceedings consistent with this disposition.

REVERSED AND REMANDED.

---

1. We review de novo a district court's grant of summary judgment. *Hambleton Bros. Lumber Co. v. Balkin Enters.,* 397 F.3d 1217, 1226 n. 8 (9th Cir.2005).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.